**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV124-1-V
5:03CR37-V**

| | |
|---|---|
| JOREAL ARVEL LOGAN,  )  )  Petitioner,  )  )  v.  )  )  UNITED STATES OF AMERICA,  )  )  Respondent.  )  _____ ) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed September 21, 2006. For the reasons stated herein, the Petitioner's Motion to Vacate will be summarily denied and dismissed.

## PROCEDURAL HISTORY

On August 26, 2003, a grand jury indictment charged Petitioner, along with fourteen other individuals, with one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841 and 846. That same day, the Government filed a § 851 notice. On March 12, 2004, Petitioner and the Government entered into a plea agreement. On April 2, 2004, Petitioner entered a guilty plea at his Rule 11 hearing. On April 18, 2005, this Court, after the Government withdrew its § 851 notice, sentenced Petitioner to 188 months imprisonment and five years of supervised release. Petitioner proceeded to directly

appeal his sentence and conviction to the United States Court of Appeals for the Fourth Circuit. On January 11, 2006, the United States Court of Appeals for the Fourth Circuit issued an opinion dismissing Petitioner's appeal. Petitioner then filed a petition for writ of certiorari with the United States Supreme Court which was denied on or about April 12, 2006.

On September 21, 2006, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence with this Court. In his Motion to Vacate, Petitioner alleges that he received ineffective assistance of counsel because his counsel did not fully explain the substantial assistance provision of his plea agreement to him. Petitioner also alleges that the prosecutor's failure to move for a sentence reduction based upon substantial assistance was made in bad faith.

## LEGAL ANALYSIS

I. **This Court Is Authorized to Promptly Review and Dismiss any § 2255 Motion Which Does Not Contain a Claim that Entitles the Petitioner to Relief.**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly

establishes that Petitioner is not entitled to any relief on his claims.

## II. Ineffective Assistance of Counsel

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

Petitioner alleges that his counsel was ineffective in negotiating the terms of his plea agreement.[1]  More specifically, Petitioner contends that his counsel negotiated terms that were "grossly unfavorable" to him and did not properly explain the meaning of the terms he had negotiated.  In particular, Petitioner asserts that he did not understand the substantial assistance provisions.[2]

This Court notes at the outset that Petitioner's plea agreement is quite typical of plea agreements filed in this district.  That is, none of the terms appear to be out of the ordinary.   As to the substantial assistance terms in particular, the undersigned notes that it is virtually, if not totally, unheard of for the United States Attorney in this district to agree to any substantial assistance terms other than those contained in Petitioner's plea agreement.

Petitioner's present contention that his counsel did not explain the fact that the decision to file a downward departure motion based upon substantial assistance resided solely with the prosecutor is contradicted by his representation under oath at his Plea Hearing that he understood that it was in the United States' sole discretion as to whether his assistance was substantial.  (Plea Hearing Trans. pp. 13-15).  Indeed,

---

[1] Petitioner states in his motion that at his first meeting with counsel Petitioner freely admitted his complicity in the charges against him.  Petitioner states that after being presented his options, he believed he felt it was in his best interest to plead guilty and cooperate with authorities.   (Pet. Mot. to Vac. p. 13).

[2] Petitioner asserts twice that had he understood the terms of the plea agreement he would have insisted that his attorney renegotiate better terms.  Significantly, Petitioner never asserts that he would have gone to trial.  In addition, the Court again notes that it is virtually unheard of in this district for the Government not to retain the sole discretion for determining whether assistance was substantial.  (Logan Aff. ¶¶ 37, 38).

Petitioner did not even attempt to contradict his attorney when counsel certified to the Court that he had reviewed the terms of the Plea Agreement with Petitioner and was satisfied that Petitioner did, in fact, understand each of those terms. (Plea Hearing Trans. p. 18). Petitioner also swore under oath that no one had made him any promises of leniency or a light sentence to induce him to plead guilty. (Plea Hearing Trans. p. 16).

In addition, the Court notes that despite speaking to the Court at length, at no time did Petitioner express any surprise or shock at the Government's decision not to file a downward departure motion. That is, even after the Government, citing lack of full cooperation, declined to file such a motion, Petitioner did not state, when given the opportunity to speak, that the Government's decision violated the plea agreement. (Sent. Hearing Trans. pp. 9-10).

Petitioner's representations at his Rule 11 hearing constitute a formidable barrier in any subsequent collateral proceeding. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Petitioner's present self-serving assertions fail to overcome his Rule 11 and sentencing hearing representations and this Court finds that Petitioner's counsel was not ineffective and Petitioner suffered no prejudice.[3]

Petitioner also argues that his counsel's performance was deficient at his plea

---

[3] The Court notes that while the Government did not file a downward departure motion, the Government, in recognition of Petitioner's cooperation, withdrew the § 851 notice. As a result of this withdrawal, Petitioner's statutory mandatory minimum went from twenty years to ten years. This Court sentenced Petitioner to 188 months imprisonment. Consequently, Petitioner received a benefit of at least a 52 month reduction in his sentence as a result of his cooperation.

5

hearing when he failed to have the prosecutor recite all of the provisions of his plea agreement in open court.  Petitioner contends that the oversight allowed the Government to omit reading paragraph 21d of his plea agreement in violation of Rule 11(c)(2) of the Federal Rules of Civil Procedure which provides that "[t]he parties must disclose the plea agreement in open court when the plea is offered, unless the court for good cause allows the parties to disclose the plea agreement in camera."  Petitioner asserts that the failure to read paragraph 21d aloud prejudiced him because it denied this Court the ability to exercise its discretion under Rule 11(c)(3) to reject the plea. Petitioner's ineffective assistance of counsel claim on this basis fails as this Court would not have rejected the plea if this provision had been read and as such Petitioner suffered no prejudice.[4]

### III. Prosecutorial Misconduct

Petitioner alleges that the prosecutor in his case failed to move for a sentence reduction in his case when he had done all he could do to provide substantial assistance to the government.

---

[4] Petitioner also argues that paragraph 21d violates public policy. Petitioner cites no specific authority to support his assertion that the waiver of his right to contest the Government's determination of whether his assistance was substantial violates public policy.  The Fourth Circuit has repeatedly upheld the validity of waiver provisions of the right to appeal contained in plea agreements.  See United States v. General, 278 F.3d 389, 399-401 (4th Cir.), cert. denied, 536 U.S. 950 (2002).  Consequently, a blanket assertion that any waiver of the right to contest the Government's determination of whether assistance was substantial is unavailing.  Indeed, the Court notes that even without such a waiver case law dictates that court review of the Government's decision regarding substantial assistance is severely limited.  See United States v. Wade, 504 U.S. 181 (1992).

As is typical, Petitioner's plea agreement specifically left the decision of whether Petitioner rendered substantial assistance to the Government's sole discretion. (Plea Agr. ¶ 21a). As a general matter, the Government has the power, but not the duty, to make a motion for a downward departure. See United States v. Wade, 504 U.S. 181, 185 (1992). Therefore, no amount of substantial assistance standing alone, obligates the government to make the motion. See United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993). District courts may review the Government's decision not to make such a motion only to ensure that it comports with the Constitution. Wade, 504 U.S. at 185-86. A claim by a defendant merely asserting that he did in fact provide substantial assistance will not entitle a defendant to a remedy or even a hearing. Id. In addition, generalized allegations of improper motive are not sufficient. Id.

At Petitioner's Sentencing Hearing the Government declined to make a downward departure motion pursuant to U.S.S.G. § 5K1.1. At that time, the attorney for the United States informed the Court that Petitioner "has provided some cooperation [but] not nearly what we think he is capable of doing . . . ." (Sent. Hearing Trans. p. 6).

In an attempt to avoid the obvious conclusion that he cannot challenge the Government's decision not to file a § 5K1.1 motion, Petitioner asserts that the Government's decision not to file a § 5K1.1 motion was based on bad faith. More specifically, Petitioner alleges that the prosecutor's decision not to file such a motion was so irrational due to the assistance he had provided it must have been based on bad faith. Petitioner speculates that perhaps the AUSA was not informed of the extent of his cooperation. Petitioner asserts that the prosecutor's decision not to enter the

7

motion for sentence reduction "was made in bad faith because substantial assistance was actually rendered . . . ."

First, Petitioner has not even generally alleged an unconstitutional motive. Second, even if he had, such a vague assertion of bad faith is wholly insufficient to support a prosecutorial misconduct claim based upon the failure to file a § 5K1.1 motion. See Wade, 504 U.S. at 186 (generalized allegations of bad faith and insistence that substantial assistance was provided insufficient to establish prosecutorial misconduct). Consequently, his prosecutorial misconduct claim is dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: November 8, 2006

Richard L. Voorhees
United States District Judge